# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARACELI VILLAFUERTE, individually and as parent and natural guardian of MICHAEL CALZADA, a minor,<br>    Plaintiff,<br><br>v.<br><br>DECKER TRUCK LINE, INC. and CHRISTOPHER DANIELS,<br>    Defendants. | Cause No.: 2:14-CV-177-TLS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Transfer Venue from the Hammond Division of the Northern District of Indiana to Another Division of the Northern District of Indiana for Purposes of Trial [DE 9], filed by Defendant Decker Truck Line, Inc. on June 2, 2014. Plaintiff filed a response on June 16, 2014, and Defendant filed a reply on June 20, 2014. For the reasons set forth below, the Court denies the motion without prejudice.

## BACKGROUND

On April 16, 2014, Defendant Christopher Daniels was driving a semi tractor trailer northbound on Indianapolis Boulevard. Angel Villafuerte, decedent minor son of Plaintiff Araceli Villafuerte, attempted to cross from the east side to the west side of Indianapolis Boulevard near the intersection with Euclid Street in Whiting, Indiana. Angel Villafuerte was struck by the trailer of Daniels' vehicle and was killed. The police report indicates that Daniels left the scene.

Plaintiff filed a Complaint in the Lake County, Indiana, Circuit Court on May 1, 2014, and an Amended Complaint on May 8, 2014. On May 27, 2014, Defendants removed the case to the Northern District of Indiana, Hammond Division based on diversity jurisdiction, 28 U.S.C. § 1332. The parties have not yet conducted discovery, nor does this case have a trial date.

**ANALYSIS**

Defendant Decker Truck Line, Inc. (hereinafter "Defendant") seeks transfer of venue under 28 U.S.C. § 1404 from the Northern District of Indiana, Hammond Division to another division within the district, preferably the Fort Wayne Division. Defendant argues that potential jury members from the Hammond Division will not be impartial due to negative media coverage of the incident and that the convenience of the parties and the witnesses strongly favors transfer. Plaintiff opposes the transfer of venue.

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Therefore, (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Although specifically set forth in § 1404(a), "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07CV194PPS, 2007 WL 2962641, at *8 (N.D. Ind. Oct. 5, 2007) (quoting *Coffey*, 796 F.2d at 219 n.3).

The Court balances the following "private interests" in the convenience analysis: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977

(N.D. Ind. 2009) (citing *Law Bulletin*, 992 F. Supp. at 1017). In addition, the Court considers the "interest of justice" or the "public interest," which relates to the efficient functioning of the courts. *Coffey*, 796 F.2d at 219-20. These "[p]ublic interest factors include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 1:10-CV-77, 2010 WL 2772324, at *2 (N.D. Ind. July 12, 2010) (quoting *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345, at *4 (N.D. Ind. July 14, 2008)).

Under the standard articulated in *Coffey*, Defendant has the burden of proving that the Fort Wayne Division is "clearly more convenient" than the Hammond Division. 796 F.2d at 219-20. The decision to transfer an action is within the sound discretion of the trial court, and the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Id.* at 219, 220 n. 3. Because neither party disputes that venue is proper in both the Hammond Division and the Fort Wayne Division, the Court considers the impact of the media coverage on potential jury members as well as the convenience of each location for the witnesses.

**A. Media Coverage**

Defendant argues that this case should be transferred to another division in the Northern District of Indiana because the media coverage immediately following the incident may have unfairly influenced the pool of potential jurors in the Hammond Division. In the context of a criminal defendant's challenge of a denial of a motion for change of venue under Federal Rule of Criminal Procedure 21, the United States Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010), set forth several factors to assess "presumed prejudice, which occurs when 'pervasive and

3

inflammatory pretrial publicity makes juror bias inevitable.'" *United States v. Philpot*, 733 F.3d 734, 741 (2013) (quoting *United States v. Nettles*, 476 F.3d 508, 513 (7th Cir. 2007)). Those factors are the size and character of the community in which the event occurred, the nature of the news stories, and the time elapsed between news coverage and the trial. *Philpot*, 733 F.3d at 741 (citing *Skilling*, 561 U.S. at 384). The Court finds these factors useful in assessing whether the media coverage warrants transfer in this civil case.

First, Defendant, who contends that Daniels was not aware that his trailer had struck Angel Villafuerte, argues that the allegedly inaccurate description of the incident by the media as a "hit and run" created an indelible impression upon members of the jury pool. There is no evidence that the media continued to call the incident a "hit and run" after police released the driver. Discovery has not yet taken place, and Defendant has not submitted any evidence in support of its view of the case. In the instant motion's "Statement of Facts," Defendant cites the police report for the assertion that "[a]t no time did Daniels state that he knew anyone had made contact with the rear of his trailer." (Def. Br. 1). However, there is no affirmative statement by Daniels in either the police report or any other evidence submitted to the Court that he did not know that anyone made contact with the rear of his trailer.

Second, the news coverage was and is not sufficiently pervasive at this time. Defendant presents twelve articles and clips from Chicago and Northwest Indiana news outlets, all of which were published one or two days after the incident. There is no evidence that any news coverage of the incident or the lawsuit has occurred since that time in April. Also, this case is in its infancy. The Answer was recently filed on June 24, 2014, and the case has not yet been set for a Rule 16(b) scheduling conference to set discovery deadlines.

4

Jurors who read or heard news reports following the incident may not necessarily be biased against Defendant. And, if a juror is biased because of the media coverage, the voir dire of potential jurors should expose the bias. *See Skilling*, 561 U.S. at 384 ("But, 'pretrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial.'" (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976))); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("[A]n important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case.").

Third, Defendant identifies one negative online comment as "[e]vidence . . . that the public . . . [is] predisposed to a finding against the driver." (Def. Br. 8). One online comment cannot be imputed to many citizens of Northwest Indiana. There are over 660,000 people living in the Hammond Division.[1]

At this stage of the litigation, Defendant has not provided sufficient evidence that media coverage has caused or will cause the jury pool to be unfairly biased. *See, e.g.*, *Davis v. City of Fort Worth*, 3:14-CV-1698, 2014 WL 2915881, at *5 (N.D. Tex. June 25, 2014) (citing *Snyder v. Phelps*, 2007 WL 3227213, at *1 (D. Md. Oct.19, 2007) (denying motion to transfer based on negative publicity caused by multiple newspaper articles and noting that trial courts have the power to use precautions that minimize the risk of jury prejudice)); *Zanghi v. FreightCar America, Inc.*, No. 3:13-146, 2014 WL 130985, at *8 n. 11 (W.D. Penn. Jan. 14, 2014) (finding the argument of media coverage prejudice based on one news article to be both premature and unsupported by the evidence).

---

[1] *See* http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?pid=DEC_10_PL_GCTPL2.CY07&prodType=table (Lake County–496,005; Porter County–164,343) (accessed July 23, 2014).

### B. Convenience of the Witnesses

Defendant also argues that the convenience of the witnesses favors transfer. When assessing witness convenience, a court may consider "the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to compel appearance." *Bhd. Mut. Ins. Co. v. GuideOne Mut. Ins. Co.*, No.: 1:10-CV-462, 2011 WL 1627114, at *4-5 (N.D. Ind. Apr. 28, 2011) (quoting *Hunter v. Big Rock Transp. Inc.*, No.: 1:07-CV-1062, 2008 WL 1957775, at *2 (S.D. Ind. May 2, 2008)). The court gives less weight to the convenience of party witnesses and of employees of parties to the suit; in contrast, the Court considers the convenience of non-party witnesses as one of the most important factors in the transfer analysis. *See Valbruna*, 2010 WL 2772324, at *4 (recognizing that "the court generally assigns little weight to the location of employee-witnesses" and that "the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis"); *Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 810 (N.D. Ill. 2007) ("The convenience to party witnesses is not as significant as convenience to non-party witnesses.").

First, Defendant states that two of its potential witnesses, Defendant Daniels and Defendant Decker Truck Lines' Senior Vice President of Safety & Human Resources Jim Wilkins, prefer that the trial be held in Fort Wayne because Defendant Decker Truck Lines operates a terminal there. However, Defendant also represents that both Daniels and Wilkins are citizens of Iowa, which is closer to Hammond, Indiana, which is on the western border of Indiana, than Fort Wayne, Indiana, which is on the eastern border or Indiana, by approximately two and one-half hours drive time. It is unclear how the location of Defendant's terminal in Fort Wayne makes the Fort Wayne Division a more convenient location for witnesses from Iowa. Also, because Daniels is a Defendant and

6

Wilkins is an employee of Defendant Decker Truck Lines, the convenience of the venue to them is given less weight.

Second, Defendant offers to pay the "costs associated with travel to another Division within the Northern District of Indiana" to reduce the burden on witnesses. However, Plaintiff opposes transfer of this case to Fort Wayne for trial because potential witnesses, including police officers from the City of Whiting police and the Indiana State Police, the coroner, and accident witnesses, reside in the Hammond Division and traveling to Fort Wayne would be burdensome. In addition, Defendant does not specify the costs it would cover for Plaintiff's witnesses. The burden on witnesses is not limited to the cost of gas, food, and lodging but extends to missed work and family time. Thus, the Court finds that, on the evidence before the Court, the burdens associated with travel on multiple non-party witnesses outweighs the preference of two party/employee witnesses.

Defendant has not met its burden of showing that transferring the case to another division for trial would be "clearly more convenient." *Coffey*, 796 F.2d at 219-20; *see also U.S. ex rel Reuille v. Comm. Health Sys. Prof'l Servs. Corp.*, No.: 1:09-CV-07, 2011 WL 5238826, at *2 (N.D. Ind. Nov. 1, 2011). Although Defendant has identified two potential witnesses who prefer transfer to the Fort Wayne Division, Defendant offers no information regarding the substance of these witnesses' potential testimony in relation to that of the witnesses located within the Hammond Division. *Valbruna*, 2010 WL 2772324, at *4; *see also Omnisource*, 2008 WL 2756345, at *6 (citing *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect

to the issues of the case."); *Graham*, 519 F. Supp. 2d at 810 (noting that the moving party had failed to explain what the substance of the witness testimony would be).

Finally, Defendant notes that the courtroom and courtroom staff of Judge Springmann, the trial judge assigned to this case, are located in Fort Wayne. To the extent Defendant is arguing that this fact goes to the public interest in the efficient functioning of the courts, Defendant offers no analysis of the relative weight this factor should be given in light of the other factors before the Court.

## CONCLUSION

Having balanced the convenience of the witnesses and the nature and extent of the media coverage, the Court finds that transfer is not warranted at this time. Accordingly, the Court hereby **DENIES without prejudice** the Motion to Transfer Venue from the Hammond Division of the Northern District of Indiana to Another Division of the Northern District of Indiana for Purposes of Trial [DE 9].

SO ORDERED this 25th day of July, 2014.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record