UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARACELI VILLAFUERTE, individually and as parent and natural guardian of M.C., a minor,<br><br>  Plaintiff,<br><br>  v.<br><br>DECKER TRUCK LINE, INC., CHRISTOPHER DANIELS and CITY OF WHITING, INDIANA,<br><br>  Defendants. | CASE NO.: 2:14-CV-177-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand to State Court [ECF No. 29], filed by the Plaintiff on December 4, 2014. Defendant City of Whiting, Indiana, also filed a Motion to Dismiss for Failure to State a Claim [ECF No. 36] on December 30, 2014; and the Plaintiff filed a Motion to Strike [ECF No. 37] the Motion to Dismiss on January 9, 2015. For the reasons stated in this Opinion and Order, the Court will grant the Plaintiff's Motion to Remand and deny as moot the remaining motions.

## BACKGROUND

On May 1, 2014, the Plaintiff, Araceli Villafuerte, individually and as a parent and natural guardian of Michael Calzada, a minor, filed a Complaint [ECF No. 4] in the Lake Circuit Court, Lake County, Indiana, against the Defendant Decker Truck Line, Inc. ("Decker"); and on May 8, 2014, filed an Amended Complaint [ECF No. 13] against the Defendant Christopher

Daniels ("Daniels").[1] The Plaintiff alleges, in part, that Daniels negligently operated a semi-trailer truck, resulting in the death of Angel Villafuerte, a minor, who was crossing a public street as a pedestrian. The Plaintiff claims that Daniels and his employer, Decker, are liable for damages under Indiana Code § 34-23-2-1 for the wrongful death or injury of a child.

On May 27, 2014, the Defendants filed a Notice of Removal [ECF No. 1], premising this Court's subject matter jurisdiction on diversity pursuant to 28 U.S.C. § 1332. The Notice of Removal states that the amount in controversy exceeds $75,000, that the Plaintiff is a resident of Indiana, and that Decker is an Iowa corporation with its principal place of business in Iowa. The Amended Complaint also states that Daniels is a resident of Iowa.

On June 24, 2014, the Defendants filed an Answer [ECF No. 16] to the Amended Complaint; and on September 30, 2014, filed an Amended Answer [ECF No. 25], which names the City of Whiting as a non-party in the suit. According to the Defendants, depositions taken on September 8, 2014, "revealed, for the first time, that [the] [P]laintiff's damages may have been caused, in whole or in part, by the City of Whiting and/or the City of Whiting Police Department" [ECF No. 22]. Consequently, on November 1, 2014, the Plaintiff filed a Motion for Leave to File a Second Amended Complaint [ECF No. 26] to add the City of Whiting as a defendant, to which the Defendants did not file a response. On November 24, 2014, the Magistrate Judge granted the Plaintiff's Motion, and the Plaintiff filed an Amended Complaint [ECF No. 28] on November 25, 2014. The Amended Complaint states that the "City of Whiting, Indiana owed a duty of care to Angel Villafuerte" and that "by and through its employees [the

---

[1]The Plaintiff's original Complaint [ECF No. 4] listed Daniels under the fictitious name "John Doe."

City of Whiting] breached its duty of care that it owed in reference to Angel being able to safely cross [the] street."

On December 4, 2014, the Plaintiff filed a Motion to Remand to State Court [ECF No. 29], asserting that complete diversity under 28 U.S.C. § 1332 is lacking because the Plaintiff and the Defendant City of Whiting are both citizens of Indiana. Defendants Decker and Daniels filed a Response [ECF No. 31] on December 13, 2014, and the Plaintiff filed a Reply [ECF No. 33] on December 18, 2014. The Motion to Remand is now ripe for ruling.

## DISCUSSION

To invoke diversity jurisdiction under 28 U.S.C. § 1332, complete diversity is required, meaning that no plaintiff may be a citizen of the same state as any defendant. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). None of the parties dispute that the Defendant City of Whiting, for purposes of diversity jurisdiction, is a citizen of Indiana. *See Creek v. Vill. of Westhaven*, 80 F.3d 186, 193 (7th Cir. 1996) (municipalities are treated by law as if they were persons under 28 U.S.C. § 1332); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982) ("a municipal corporation is a citizen of the state which creates it"). And none of the parties dispute that, because the Plaintiff is a citizen of Indiana, diversity jurisdiction is destroyed if the City of Whiting is joined as a defendant.

Joinder of non-diverse parties after an action has been removed to federal court is governed by 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Seventh Circuit

has instructed that a court, when faced with a request to join non-diverse parties who would destroy subject matter jurisdiction, has two options under § 1447(e): it may deny the motion to join; or it may grant the motion and remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). Nonetheless, the Court operates under a presumption in favor of remand, *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976), which necessarily includes a "presum[ption] that the plaintiff may choose his or her forum." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

In this case, however, the Magistrate Judge previously granted—by way of a Minute Order—the Plaintiff's Motion for Leave to File a Second Amended Complaint, which joined the City of Whiting as a defendant. Prior to the Magistrate Judge's Order, the Defendants did not file a response to the Plaintiff's Motion. The Plaintiff argues that, because the Defendants failed to object, the Court is required to grant the Motion to Remand because it is "too late to reverse" joinder. (Pl's Reply 4.)

Indeed, "[i]f no party objects to [a] magistrate judge's action, the district court may simply accept it." *Schur*, 577 F.3d at 760. However, a court "may reconsider *sua sponte* any matter determined by a magistrate judge." *Id.* As such, even if no party objects, a court is permitted to review a magistrate judge's order permitting joinder of a non-diverse party. *Id.* at 760–61 ("True, [the defendant] should have . . . objected; by failing to do so, it lost its right to request that the district judge reconsider the order. But that did not prevent the district judge from addressing the issue on his own accord."). For the sake of promoting a complete record, the Court will exercise its discretion to review the Magistrate Judge's Order to determine whether it was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

4

A.   Joinder Analysis

When determining whether post-removal joinder of a non-diverse party is appropriate, the Court must consider the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759. The Defendants' objection to the Plaintiff's Motion to Remand pertains solely to the first factor under *Schur*; specifically, the Defendants argue that the Plaintiff fails to allege a plausible claim against the City of Whiting.

1.   *First Factor (Plaintiff's Motive for Joinder)*

A plaintiff may not join a non-diverse defendant simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). As evidence that a party is joined solely to defeat diversity, a defendant may "show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis omitted). In particular, the Court must determine whether "there [is] any reasonable possibility" that the plaintiff could prevail against the non-diverse party. *Id.*; *see Schur*, 577 F.3d at 764 (describing a defendant's burden under the "any reasonable possibility" analysis as a "heavy" one). As the Seventh Circuit noted, several courts—including district courts in this circuit—have held that this analysis is even more favorable to a plaintiff than the standard that applies to a motion to dismiss. *Schur*,

577 F.3d at 764; *see Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006); *Valentine v. Ford Motor Co.*, No. 2:03-CV-090, 2003 WL 23220758, at *4 (S.D. Ind. Nov. 21, 2003).

In determining whether the Plaintiff has any reasonable possibility of success against the City of Whiting, the Court must apply state law. *Schur*, 577 F.3d at 764. In Indiana, a governmental entity is only liable for its negligence "when the duty owed to the plaintiff is one that gives rise to a private duty owed to a particular individual." *Aldridge v. Ind. Dep't of Natural Res.*, 694 N.E.2d 313, 316 (Ind. Ct. App. 1998) ("a governmental entity is not liable for a negligent breach of a duty owed only to the general public at large."). Further, a governmental entity is immune from suit for certain discretionary acts. *Peavler v. Bd. of Comm'rs of Monroe Cnty.*, 528 N.E.2d 40, 45 (Ind. 1988) (immunity for discretionary acts insulates "significant policy and political decisions which cannot be assessed by customary tort standards.").

In their Response, the Defendants state that, "while there may exist a valid claim by the [P]laintiff against the City of Whiting," the Plaintiff's Amended Complaint "fails to assert one and it should therefore be dismissed pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." (Def's Resp. 1.) The Defendants specifically contend that, based on the pleadings, the Plaintiff does not allege a private duty owed to the Plaintiff; and moreover, even if a duty does exist, the City of Whiting is immune from suit.

But as the Court previously noted, an inquiry under Rule 12(b)(6) has been determined to be more "searching" than that permissible when a party makes a claim of fraudulent joinder. *Rutherford*, 428 F. Supp. 2d at 847 (citation omitted). The Court need only determine whether "any reasonable possibility" exists that the Plaintiff could prevail against the City of Whiting.

Courts have generally applied this analysis very narrowly. For example, in *Faucett v. Ingersoll–Rand Mining & Mach. Co.*, the Seventh Circuit found that a plaintiff fraudulently joined a co-worker, in light of the non-diverse defendant's "uncontradicted affidavit, essentially stating that he has had absolutely nothing to do with" a machine alleged to have caused the plaintiff's injury. 960 F.2d 653, 654–55 (7th Cir. 1992); *see also Bodine's, Inc. v. Fed. Ins. Co.*, 601 F. Supp. 47, 49–50 (N.D. Ill. 1984) (in an action seeking a declaration that an insurer owed coverage under an insurance contract, finding fraudulent joinder when the subject insurance policy along with uncontradicted affidavits of non-diverse defendants established that the non-diverse defendants were not parties to the insurance contract).

In contrast, the Defendants here alerted the Plaintiff to the City of Whiting's potential liability. They alleged that the City of Whiting "caused, in whole or in part" the Plaintiff's injuries and readily admitted that the Plaintiff may have a "valid claim" against the city. (Def's Am. Answer ¶ 10); (Def's Resp. 1.) Although the Plaintiff's Complaint uses broad language to assert its claim, such language does not preclude the Court from determining that liability is reasonably possible. *See Carpenter v. Menard, Inc.*, No. 2:14-CV-113, 2014 WL 5465747, at *2 (N.D. Ind. Oct. 28, 2014) (in holding that joinder of non-diverse party was permissible, the court noted that "it is not unreasonable for Plaintiffs to plead their claims broadly in expectation that the claims will be more clearly defined through further discovery.") (citation omitted); *Rutherford*, 428 F. Supp. 2d at 847 ("a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same nondiverse defendant, who will then be dismissed from the suit.") (internal quotation marks and citation omitted).

And notwithstanding the Defendants' arguments, the "any reasonable possibility" analysis is not dispositive of whether joinder is improper. *Schur*, 577 F.3d at 764 (the "any reasonable possibility" analysis "is simply another tool in the district judge's belt . . . to discern whether the plaintiff sought only to destroy complete diversity.") Telling here are the circumstances that led to joinder. Again, the Defendants specifically stated that a post-removal deposition "revealed, for the first time" that the Plaintiff's damages were caused by the City of Whiting. (Def's Mot. For Leave to Am. ¶ 2.) The Defendant's motion for leave also requested an expedited ruling because "the deadline for [the P]laintiff to file her notice of tort claim is imminent." *Id.* ¶ 6. Only after the Defendants amended their answer did the Plaintiff seek joinder—to which, the Court should add, the Defendants filed no objection.

Given this record, the Court is not persuaded that the Plaintiff sought joinder of the City of Whiting for the purpose of defeating federal jurisdiction.

2. *Remaining Factors*

The three remaining factors under *Schur* also suggest that joinder of the City of Whiting is proper. First, the Plaintiff's request for leave to amend was not untimely. This litigation is still in its early stages, and in their Report of the Parties' Planning Meeting, the parties agreed to May 29, 2015, as the last date for the Plaintiff to seek leave to join additional parties or to amend the pleadings. The Plaintiff's filed their Motion for Leave to Amend the Amended Complaint on November 1, 2014—nearly seven months prior to the agreed deadline. Second, if the Defendants are correct that a "valid claim" against the City of Whiting may exist, the Plaintiff would be significantly injured if joinder is not permitted. And lastly, the Defendants make no claim of

prejudice that would result if this case was remanded to state court, or offer any other reason why the Court should disregard the presumption in favor of the Plaintiff's choice of forum. *See Doe*, 985 F.2d at 911.

Accordingly, after weighing the four factors under *Schur*, the Court finds that the joinder of the City of Whiting as a defendant was not clearly erroneous or contrary to law; and as a result, the Court is without subject-matter jurisdiction because complete diversity is lacking. The Court will order this action remanded to the Lake Circuit Court. Because the Court will grant the Plaintiff's Motion to Remand, the Defendant City of Whiting's Motion to Dismiss for Failure to State a Claim and the Plaintiff's Motion to Strike are moot issues, and the Court will deny them as such.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion to Remand to State Court [ECF No. 29]. The Court ORDERS the Clerk of this Court to remand this case to the Lake Circuit Court, Lake County, Indiana. The Court DENIES AS MOOT the Defendant City of Whiting's Motion to Dismiss for Failure to State a Claim [ECF No. 36] and the Plaintiff's Motion to Strike [ECF No. 37].

SO ORDERED on February 26, 2015.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION